IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

KELLIE JOHNSON,

    Plaintiff

V.

SCOTT COUNTY SCHOOL BOARD,
SERVE:    JOHN I. FERGUSON, Superintendent
            340 West Jackson Street
            Gate City, VA  24251

LOWELL S. CAMPBELL,
145 Avon Lane
Gate City, VA 24251

GLORIA BETH BLAIR,
6088 Clinch River Hwy
Gate City, VA 24251

JAMES KAY JESSEE,
350 Jana Lane
Duffield, VA 24244

and

DENNIS C. TEMPLETON
1378 Hilton Road
Gate City, VA 24251

    Defendants.

## COMPLAINT

    Comes now Plaintiff, Kellie Johnson, by counsel, who requests a trial by jury and for her Complaint against Defendants herein, states and alleges as follows:

    1.    Plaintiff Kellie Johnson is a resident of the Commonwealth of Virginia.

2. Defendant Scott County School Board ("School Board") is an entity authorized by Virginia law and pursuant to *Va. Code* 22.1-28 *et seq* is charged with the operation of the public schools in Scott County, Virginia

3. At all relevant times hereto, Defendant School Board was an employer within the meaning of Title VII of the Civil Rights Act of 1964.

4. Defendants Gloria Beth Blair, James Kay Jessee, Lowell S. Campbell and Dennis C. Templeton were at all relevant times hereto members of the School Board and who at all relevant times hereto acted under the color of state law. They are sued in both their individual and official capacities.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution.

6. At all relevant times hereto, Plaintiff has been an employee of the School Board.

7. At the beginning of the 2010-2011 school year, Plaintiff was the Principal of the Weber City Elementary School.

8. On or about November 1, 2010, Plaintiff was promoted by the School Board to Director of Personnel for the School Board.

9. Later and effective January 1, 2011, Plaintiff was promoted to Assistant Superintendent of the School Board.

10. Also in the fall of 2010, the School Board and Defendant members sought to hire one Greg Baker as the School Board's Superintendent.

11. Prior to that hiring, Defendant members of the School Board were provided with both written and oral information indicating that Baker had a propensity to engage in sexually inappropriate conduct directed against females because of their sex.

12. In spite of being given this information, Defendant School Board members did in fact hire Baker as the School Board's Superintendent.

13. At the time of they voted to hire Baker, Defendant School Board members knew or should have known Baker's propensity to engage in sexually harassing and sexually inappropriate conduct directed against females.

14. Even after they voted to hire him, Baker could not officially take on the duties of Superintendent. This is because the State Board of Education was hesitant to give Baker the necessary Superintendent's license. School Board and Defendant members went to extraordinary measures to obtain the license for Baker and eventually did so.

15. During the pendency of time when Baker was being denied a license, Plaintiff, with the approval of School Board and Defendants herein, carried out the duties of Superintendent.

16. After he became employed by the School Board, Baker began a pattern and practice of sexually harassing Plaintiff. He did so with sexually suggestive comments, unwelcome romantic overtures and other crude remarks that were totally inappropriate in the workplace. This conduct occurred on a daily basis. Moreover, this conduct is exactly the kind of conduct that was known or should have been known by Defendant School Board members prior to Baker being hired.

17. Said conduct by Baker was directed against Plaintiff solely because of her sex and was unwelcome. The conduct was pervasive and regularly occurring and amounted to a hostile work environment.

18. Plaintiff attempted to work with Baker but when his conduct became intolerable she asked that she or Baker be placed in a different location because she could no longer perform her job duties in an office located next to Baker's. Later, Plaintiff reported the sexually offensive conduct to agents of Defendant School Board.

19. If Defendant School Board members had heeded the advice they were given, Baker would not have been hired and Plaintiff would not have undergone the sexually harassing conduct and would not have been denied equal protection under the law.

20. After Plaintiff reported the conduct and as a direct and proximate result thereof, she was demoted.

21. She was reassigned to the principalship of a smaller school in the county at a significant reduction in pay for the 2011-2012 school year.

22. As a direct and proximate result of Baker's conduct and Defendant's acquiesence and retaliation, Plaintiff has suffered loss of income in the past and will continue to suffer the same in the future. Moreover, Plaintiff has suffered from embarrassment, humiliation and mental anguish and will continue to endure the same in the future. Plaintiff has sought medical treatment and incurred expense for the emotional trauma she suffered as a result of Baker's and Defendants' actions and continues to seek counseling.

23. Plaintiff filed a charge alleging sexual discrimination, sexual harassment and retaliation with the Equal Employment Opportunity Commission, Richmond Area Office.

24. On or about February 10, 2012, Plaintiff received her Right to Sue letter.

25. Plaintiff has exhausted her administrative remedies.

## COUNT I

26. Plaintiff realleges paragraphs 1 through 25.

27. Baker's conduct which was directed against Plaintiff because of her sex created a harmful and hostile work environment.

28. That said conduct was occurring or would likely occur was known to or should have been known to Defendant School Board.

29. Baker's conduct was unwelcome, uncalled for and pervasive.

30. As a direct and proximate result of enduring said conduct, Plaintiff has sustained damages described above.

31. The hostile work environment Defendant School Board allowed to be created was in knowing violation of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff demands judgment against Defendant School Board and requests an award of the following:

a. An award of lost pay according to proof;
b. Reinstatement to her former position;
c. Compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00);
d. An award of her costs on this behalf expended, including but not limited to, reasonable attorney's fees;
e. Any other equitable relief authorized by law.

## COUNT II

32. Plaintiff realleges paragraphs 1 through 31.

33. As a direct and proximate result of Plaintiff's reporting Baker's offensive conduct, she was retaliated against by Defendant School Board as described above.

34. Plaintiff has been demoted and received a substantial decrease in pay because she engaged in protected conduct.

35. Defendant School Board's action in retaliating against Plaintiff was in direct and knowing violation of Title VII of the Civil Rights Act of 1964. Plaintiff has suffered the damages described above as a direct and proximate result of said action.

WHEREFORE, Plaintiff demands judgment against Defendant School Board and requests an award of the following:

   a. An award of lost pay according to proof.
   b. Reinstatement to her former position.
   c. Compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00).
   d. An award of her costs on this behalf expended, including but not limited to, reasonable attorney's fees.
   e. Any other equitable relief authorized by law.

## COUNT III

36. Plaintiff realleges paragraphs 1 through 35.

37. Defendant School Board members Blair, Jessee, Campbell and Templeton, as mentioned, were members of the School Board at the time Baker was hired. All four voted in favor of Baker's appointment

38. They knew of his propensity to engage in sexually harassing behavior and deny females equal protection under the law. In spite of that knowledge, they still voted in favor of his appointment.

39. In fact, Baker did engage in the same kinds of behavior that the School Board had notice of.

40. As a direct result of Baker's conduct and Defendants' deliberate actions, Plaintiff has been denied equal protection under the law.

41. Baker engaged in sexually offensive conduct which was directed against Plaintiff solely because of her sex.

42. All four of the Defendant School Board members violated Plaintiff's constitutional rights by supporting the retaliation directed against Plaintiff because she sought equal protection under the law by engaging in a protected activity.

43. At all relevant times hereto, Defendant School Board members acted intentionally with malice and in knowing violation of Plaintiff's constitutional rights.

44. Defendants Blair, Jessee, Campbell and Templeton violated Plaintiff's constitutional rights and specifically her right to equal protection under the law when they voted to hire Baker as Superintendent when they knew or should have known that he had the propensity to act in the manner described above.

45. As a direct result of Defendants Blair, Jessee, Campbell and Templeton's intentional and wreckless action, Plaintiff has suffered the damages and harm described above.

WHEREFORE, Plaintiff demands judgment against Defendants Blair, Jessee, Campbell and Templeton and requests an award of the following:

    a.    An award of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) in compensatory damages.

    b.    An award of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) in punitive damages.

    c.    An award of her costs on this behalf expended, including but not limited to, reasonable attorney's fees.

    d.    Any other equitable relief authorized by law.

KELLIE JOHNSON
By Counsel

| | |
|---|---|
| CURCIO STOUT & POMRENKE | GERALD GRAY LAW FIRM |
| P.O. Box 1478 | P.O. Box 929 |
| Bristol, Virginia  24203 | Clintwood, VA  24228 |
| 276) 466-3377 | 276) 926-4607 |
| 276) 669-4032 (FAX) | FAX 276) 926-4739 |
| | |
| /s/Edward G. Stout, VSB #21076 | /s/Gerald L. Gray, VSB #13285 |
| Counsel for Plaintiff | Counsel for Plaintiff |