# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KELLIE JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12CV00010 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SCOTT COUNTY SCHOOL** ) | By: James P. Jones |
| **BOARD, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Gerald L. Gray, Gerald Gray Law Firm, Clintwood, Virginia, and Edward G. Stout, Curcio Stout & Pomrenke, Bristol, Virginia, for Plaintiff; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

The plaintiff has filed this action against her employer, the Scott County School Board, and four members of that Board, asserting three separate counts: (1) a count for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a count for retaliation under Title VII; and (3) an allegation of a violation of her constitutional right to equal protection under the law pursuant to 42 U.S.C.A. § 1983 (West 2012). Counts One and Two seek relief against the Scott County School Board, while Count Three is against certain named board members individually. The defendants have moved to dismiss all counts on the ground that the plaintiff fails to state claims upon which relief can be granted. For the following reasons, the motion will be granted in part and denied in part.

I

The facts, as alleged in the Complaint, and which must be accepted for the purposes of the present motion, are as follows.

The plaintiff, Kellie Johnson, was employed by defendant Scott County, Virginia, School Board ("School Board"). At the beginning of the 2010-2011 school year, Johnson was Principal of Weber City Elementary School. She was promoted to Director of Personnel for the county school system by the School Board on or about November 1, 2010. Later and effective January 1, 2011, Johnson was promoted to Assistant Superintendent by the School Board.

Also in the fall of 2010, the School Board and defendant members sought to hire Greg Baker as the system's Superintendent. Prior to that hiring, members of the School Board were allegedly provided with both written and oral information indicating that Baker had a propensity to engage in sexually inappropriate conduct directed against females because of their sex. In spite of this knowledge, the School Board did in fact vote to hire Baker as its Superintendent. However, even after the School Board members voted to hire him, Baker could not immediately take on the duties of Superintendent because the State Board of Education was reluctant to award Baker the necessary Superintendent's license. Baker eventually obtained his license with the help of the School Board and defendant members.

After he was hired, Baker allegedly began a pattern of sexually harassing Johnson with sexually suggestive comments, unwelcome romantic overtures, and other crude remarks that were inappropriate in the workplace. It is claimed that Baker's conduct occurred on a daily basis and was directed against Johnson solely because of her sex. Johnson initially made an effort to continue working with Baker, but later asked that she or Baker be placed in a different location because she could no longer perform her job duties in an office located next to Baker's. At some later date, Johnson reported the sexually offensive conduct to agents of the School Board, after which she was demoted to principal of a smaller school in the county at a significant reduction in pay for the 2011-2012 school year.

Johnson has asserted claims against the School Board for sexual harassment and retaliation under Title VII. She alleges that the School Board is responsible for a hostile work environment created by Baker, and that the School Board retaliated against her because she reported Baker's offensive conduct. Johnson also has asserted a claim against certain School Board members for a violation of her constitutional right to equal protection under the law pursuant to 42 U.S.C.A. § 1983. Johnson claims that the defendant School Board members violated her right to equal protection by voting for Baker's appointment as Superintendent despite

knowing his tendency to engage in sexually harassing behavior, and by retaliating against her for reporting Baker's conduct.

The defendants have moved to dismiss Johnson's causes of action for failure to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The motion has been briefed and is ripe for decision.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Id*. at 1951-52.

Applying these standards to the plaintiff's Complaint, the defendants' Motion to Dismiss must be granted in part and denied in part.

A. SEXUAL HARASSMENT CLAIM.

Johnson alleges that the School Board is responsible for a hostile work environment created by Baker, in violation of Title VII. A plaintiff may establish a hostile work environment claim by proving: "(1) that [s]he was harassed because of [her] sex; (2) that the harassment was unwelcome; (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for imputing liability to the employer." *Wrightson v. Pizza Hut of Am., Inc.*, 99 F.3d 138, 142 (4th Cir. 1996) (internal quotation marks omitted).

Johnson has stated a valid hostile work environment claim. Her Complaint sets forth that Baker's conduct was unwelcome and directed against her because of her sex. She further describes that the conduct occurred on a daily basis and consisted of sexually suggestive comments, unwelcome romantic overtures, and other crude remarks that were inappropriate for the workplace. Moreover, Johnson sets forth a direct basis for imputing liability to the School Board. Specifically, she alleges that the School Board was provided with both written and oral information indicating that Baker had a propensity to engage in sexually inappropriate conduct directed against females because of their sex, yet it elected to hire Baker as Superintendent in spite of this knowledge. I find that such allegations are

sufficient to satisfy the pleading standards under *Iqbal*. Thus, I will deny the defendants' Motion to Dismiss as to the plaintiff's sexual harassment claim.

B. RETALIATION CLAIM.

Under 42 U.S.C.A. § 2000e-3(a) (West 2003), it is unlawful for an employer to discriminate against its employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]" or because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." A prima facie case of retaliation under § 2000e-3(a) requires proof that (1) the employee engaged in protected activity; (2) the employer took adverse employment action against her; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997).

Johnson alleges that she reported Baker's sexually offensive conduct to agents of the School Board, and that afterwards she was demoted to Principal of a smaller school in the county at a significant reduction in pay. Johnson claims that her report to the School Board constituted a protected activity. She further contends that her demotion, which the defendants concede was an adverse employment action, was causally connected to this protected activity.

I find that Johnson has failed to allege sufficient facts to show a causal link between the claimed protected activity and the School Board's decision to demote her to a lower paying position. While Johnson summarily concludes that a causal connection exists, she offers no facts in support of this claim aside from the assumption of temporal proximity between the events at issue.[1] However, except for situations in which the adverse employment decision follows the protected activity "very close[ly]," "mere temporal proximity" between the two events is insufficient to satisfy the causation element of the prima facie requirements. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted). The Fourth Circuit has not adopted a bright temporal line, but it has held that a three-to-four month lapse is "too long to establish a causal connection by temporal proximity alone." *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (unpublished).

Here, there is no indication that Johnson's demotion very closely followed her report of Baker's conduct. While it seems as if the report and demotion occurred within the same school year, Johnson does not specify exactly how much

---

[1] While I assume that Johnson is relying on the temporal proximity of the events at issue as evidence of a causal link, this is nowhere stated in Johnson's Complaint or in any of her subsequent filings.

time elapsed between the two events. Thus, without further evidence, I find that a causal connection is insufficiently pleaded in this case.

    C.  EQUAL PROTECTION CLAIM.

In Count Three, Johnson claims a deprivation of her right to equal protection under the law based upon two separate allegations.

First, Johnson contends that four members of the School Board violated her right to equal protection by retaliating against her for reporting Baker's inappropriate conduct. This argument has no merit. While the right to be free from retaliation for protesting sexual harassment is clearly recognized as a right created by Title VII, the Fourth Circuit has held that "'a pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause.'" *Edwards*, 178 F.3d at 250 (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997)). Consequently, Johnson's equal protection retaliation claim must fail.

Second, Johnson contends that the School Board members violated her right to equal protection by hiring Baker as Superintendent. Specifically, Johnson argues that the School Board members knew Baker had a propensity to engage in sexually inappropriate conduct directed against females because of their sex, and that they hired Baker in spite of this knowledge. Johnson claims that the School Board members' decision to hire Baker shows purposeful discrimination against

women.[2] After careful consideration, I find that this claim survives the defendants' Motion to Dismiss.

In order to succeed on a § 1983 claim, a plaintiff must prove the following three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Section 1983 also encompasses a proximate cause requirement, imposing liability only upon a defendant who "subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights" guaranteed by federal law. 42 U.S.C.A. § 1983.

To state an equal protection claim under § 1983, a plaintiff must plead sufficient facts to "'demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated[3] and that the unequal treatment was the result

---

[2] Johnson also alleges that the School Board members' decision to hire Baker shows "deliberate indifference" to the rights of women in general, and of Johnson in particular, to be free from gender discrimination and sexual harassment. "Deliberate indifference" is the prevailing standard of intent used in municipal liability or supervisory liability claims. *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989); *Rolon v. Ward*, 345 F. App'x 608, 611 (2d Cir. 2009) (unpublished). However, Johnson asserts claims of direct personal liability. The "deliberate indifference" standard is inapplicable in such claims.

[3] The defendants claim that Johnson is attempting to proceed as a "class of one," rather than a member of a larger protected class. Because Johnson is a public employee, the defendants argue that she cannot assert an equal protection claim as a "class of one." While it is true that public employees cannot bring "class of one" equal protection claims for employment grievances, *see Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 605

of intentional or purposeful discrimination.'"  *See Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).  Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

The defendants first argue that Count Three fails because the individual defendants were not "acting under color of state law" at the time of the alleged tort.  Specifically, the defendants contend that the School Board entity as a whole retains exclusive final authority over matters concerning school employees.  Thus, they claim that the individual School Board members cannot be held liable under § 1983 because they each lacked the authority to hire Baker on behalf of the municipality.

This argument has no merit.  The defendants erroneously rely on the Fourth Circuit's decision in *Riddick v. School Board of the City of Portsmouth*, 238 F.3d 518 (4th Cir. 2000), to support their argument.  In *Riddick*, the court held that a School Board could not be held liable under § 1983 for the decision of school officials to retain a coach, as the officials did not possess the final authority to make such a decision.  *Id*. at 524.  However, while *Riddick* addresses municipal

---

(2008), the defendants misconstrue Johnson's position.  Johnson alleges a violation of the Equal Protection Clause based on discrimination due to her sex, which is a suspect class.  Thus, the defendants' argument is without merit.

liability, or the liability of the School Board entity as a whole, Johnson's claim is directed against the School Board members individually.  The Supreme Court has held that a state official may be sued personally for damages under § 1983 for acts taken in an official capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  While it is true that each of the defendants did not necessarily have the power to single-handedly hire Baker as Superintendent, it is clear that the School Board members were acting in their official capacities and within the bounds of their authority when they voted to hire Baker.

Next, the defendants contend that Johnson fails to set forth any allegations of purposeful or intentional discrimination on behalf of the School Board members.  I disagree.  Johnson has alleged that the defendants "acted intentionally with malice and in knowing violation of [her] constitutional rights" in hiring Baker.  (Compl. ¶ 43.)  She has also set forth evidence that the School Board members were warned of Baker's propensity to engage in sexually inappropriate conduct directed against women because of their sex, yet intentionally chose to hire Baker in spite of this knowledge.  Taking these allegations as true, it is at least plausible that the School Board members' decision to hire Baker could be seen as intentional gender discrimination.  Thus, I find that the allegations in Count Three are sufficient to

"raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The defendants also argue that Count Three must fail because Johnson does not allege sufficient facts to causally connect the School Board members' hiring decision to Baker's subsequent acts of sexual harassment.

I find this argument to be unpersuasive. It is well established that those sued under § 1983 are "responsible for the natural consequences of [their] actions." *Malley v. Briggs*, 475 U.S. 335, 345 n.7 (1986) (internal quotation marks and citation omitted). A § 1983 defendant "may be held liable for 'those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties.'" *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1997) (quoting *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 561 (1st Cir. 1989)). A "defendant will not be relieved of liability by an intervening cause that was reasonably foreseeable, even if the intervening force may have 'directly' caused the harm." *Marshall v. Perez Arzuaga*, 828 F.2d 845, 848 (1st Cir. 1987).

In this case, as previously discussed, it is alleged that the defendants were forewarned of Baker's propensity to engage in sexually inappropriate conduct directed against women, and Johnson claims that Baker did in fact engage in such conduct only months after the warning. Given this prior knowledge, as well as the

close temporal proximity between the defendants' warning and Baker's subsequent sexual misconduct, I find it plausible that Baker's misconduct was a reasonably foreseeable consequence of the defendants' hiring decision. Accordingly, Johnson's allegations in Count Three are sufficient to survive the defendants' Motion to Dismiss.

Finally, the defendants contend that Johnson fails to allege sufficient facts to support an award of punitive damages. I disagree. "In an action under § 1983, a plaintiff may recover punitive damages against an individual public official where the official's 'conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Chadwell v. Lee Cnty. Sch. Bd.*, 535 F. Supp. 2d 586, 602 (W.D. Va. 2008) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). As previously stated, Johnson has made a sufficient showing of discriminatory intent to survive the defendants' Motion to Dismiss with respect to Count Three. Thus, Johnson is entitled to state a claim for the recovery of punitive damages.

### III

Accordingly, the defendants' Motion to Dismiss (ECF No. 8) is GRANTED IN PART and DENIED IN PART. The motion is denied as to Count One and

Count Three, but granted as to Count Two. Count Two of the plaintiff's Complaint is DISMISSED.[4]

    It is so **ORDERED**.

ENTER: July 31, 2012

/s/ James P. Jones
United States District Judge

---

[4] Of course, I make no prediction as to whether the plaintiff will have sufficient proof of her allegations in Counts One and Three, either in response to a motion for summary judgment, or at trial. In addition, I do not foreclose the possibility that the plaintiff may be able at some point to state sufficient facts supporting Count Two, assuming that an appropriate motion to amend is made and granted.